UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2794

| | |
|---|---|
| THOMAS D. STANTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin |
| | |
| *v.* | No. 05-C-053-S |
| | |
| PHIL PAUSMA, *et al.,* | John C. Shabaz, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Thomas Stanton, a Wisconsin prisoner, appeals from the district court's grant of summary judgment in favor of prison officials, whom he accused of retaliating against him after he reported witnessing an officer attack an inmate. We affirm.

In December 2002, Stanton, while housed at the Oregon Correctional Center, reported to the superintendent that he saw correctional officer Phil Pausma shout at, grab, and shake inmate Brian Burkheimer. Stanton also reported that Pausma

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

had previously abused inmates Tim Hunt and Sebastian Bootz. Supervising officer Harlan Buwalda investigated Stanton's allegations. Hunt and Bootz denied that Pausma had abused them, and Pausma denied having physical contact with Stanton. Buwalda learned that two confidential informants overheard Stanton and Burkheimer scheming ways to get Pausma disciplined or fired. Ultimately Buwulda found no evidence to support Stanton's allegations, and issued conduct reports to both Stanton and Burkheimer for lying about staff in violation of Wis. Admin. Code § 303.271.

Stanton made several requests in preparation for his disciplinary hearing. He first requested that nine prisoners be allowed to testify on his behalf. Captain Todd Johnson reviewed the request but permitted Stanton to call only two—Burkheimer and Bootz—after concluding that Stanton did not show good cause to call the others as required under Wis. Admin. Code § 303.81(1). Stanton also requested that Jeff Karns, in his role as staff advocate, retrieve property and information from Buwalda, monitor inmate phone calls, and obtain polygraphic tests of those involved in the abuse he reported. Karns did not obtain these materials because he believed he was neither responsible nor authorized to perform these tasks on Stanton's behalf.

By the time of the hearing, Bootz had already been transferred to another facility, but he provided a statement denying that he saw any altercation between Pausma and Burkheimer. Burkheimer was not permitted to attend the hearing due to the lack of available staff, but he did provide a written statement in which he corroborated Stanton's allegations. John Richards, the presiding officer at the disciplinary hearing, considered testimony from Buwalda, Karns, and Stanton, and written statements from Stanton, Bootz, Burkheimer, and the confidential informants, and concluded that Stanton fabricated the assault claim. Richards imposed 8 days' adjustment segregation and 180 days' program segregation.

Stanton appealed and a new hearing was ordered after Secretary Cindy O'Donnell determined that Burkheimer should have been made available at the hearing. But by June 2003 when Stanton's new hearing took place, Burkheimer had been released from custody. Anthony Ashworth, the new presiding officer, considered all the information presented at the previous hearing in addition to written supplemental testimony from Burkheimer, and agreed that Stanton was guilty of lying about staff. Based on his assessment of the seriousness of the charge, Ashworth sentenced Stanton to an additional 90 days in program segregation.

Stanton appealed again, and the warden reduced the punishment to the original 180 days' program segregation. Secretary O'Donnell then ordered the

punishment expunged from Stanton's record because Burkheimer was never made available at either disciplinary hearing as a witness.

Less than six months after final resolution of Stanton's disciplinary appeals, Lynn Nicolai, an offender classification specialist, denied Stanton a transfer to a minimum security facility based on her evaluation of Stanton's attitude and her mistaken belief that he had six minor conduct reports. Stanton successfully appealed this review by proving that he did not have six prior conduct reports. But because Stanton had "special placement needs," the minimum security prison refused his transfer.

Stanton filed suit against 14 corrections officials under 42 U.S.C. § 1983, alleging that he was retaliated against during his disciplinary proceedings for reporting Pausma for the alleged assault. He also alleged that the administration of the disciplinary proceedings violated due process because the defendants suppressed exculpatory evidence and lied at his hearings.

The district court screened Stanton's complaint under 28 U.S.C. § 1915A and dismissed seven defendants, all Wisconsin DOC administrators responsible for reviewing inmate complaints and prisoner discipline, who were not involved in Stanton's investigation or disciplinary hearings. The court also dismissed his "due process" claims, reasoning on the basis of *Zinermon v. Burch*, 439 U.S. 113 (1990), that adequate post-deprivation remedies were available, and in fact successful because his conduct report was eventually expunged. The court, however, permitted Stanton to proceed on his retaliation claims against Pausma, Buwalda, Richards, Johnson, Ashworth, Karns, and Nicolai. The court subsequently denied Stanton's request for appointed counsel.

The district court then granted the remaining defendants' motion for summary judgment. First the district court concluded that Stanton submitted no evidence "from which a jury could infer that [the defendants'] motives were retaliatory." (R. 44 at 7.) Further, citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286 (1977), the court concluded that Stanton failed to show that the disciplinary proceedings conducted by the defendants would not have occurred without retaliatory motive.

On appeal, Stanton first argues that the district court erred when it screened his complaint and dismissed his "due process" claims. Stanton's argument is difficult to discern, but he seems to suggest that his post-deprivation remedy was inadequate because his administrative claim was resolved without meaningfully addressing the due process violations that triggered his lawsuit.

To state a procedural due process claim, a prisoner must allege that the state deprived him of a constitutionally protected liberty interest. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). But prisoners have no liberty interest in remaining in the general prison population. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Lekas*, 405 F.3d at 607. Here Stanton's punishment—8 days in adjustment segregation and 180 days in program segregation—did not present the sort of "atypical, significant deprivation" in which the state might create a liberty interest. *See Sandin*, 515 U.S. at 486. Thus the district court properly dismissed his due process claims.

Next Stanton argues that the district court improperly dismissed the seven defendants from his suit. He contends that under *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985), he should have been permitted to proceed against these individuals on a "failure to act" or "indirect participation" theory of liability, because these individuals violated their duty to correct obvious due process violations. But as noted above, Stanton cannot state a due process claim because the punishment he received did not constitute a deprivation that implicated a protected liberty interest. And Stanton did not allege that any of these seven individuals participated directly in the disciplinary decisions that formed the basis for his retaliation claims. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

Stanton also challenges the district court's denial of his motion for appointed counsel, a ruling that we review for abuse of discretion. *See Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005). Stanton argues that he needed the aid of appointed counsel because he alone could not locate and interview witnesses, find an expert to conduct polygraph exams to resolve "conflicting testimony," obtain legal materials, and navigate through the legal complexity of his claims. As the district court found, however, the actual legal issues in this case are not complex, and furthermore Stanton's comprehensive pleadings and discovery requests demonstrate both a familiarity and understanding of the issues involved in this case. The district court did not abuse its discretion in denying Stanton's request for counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 289 (7th Cir. 1995).

Finally Stanton argues that the district court erred by granting summary judgment for the defendants. He contends that the court disregarded three significant pieces of evidence: (1) statements from two inmates, Norton and Bentle, purportedly vouching for Stanton's contention that Pausma beat up Burkheimer, (2) Burkheimer's written statements presented at Stanton's disciplinary hearings, and (3) Stanton's own complaint. He contends all are evidence supporting his allegations against Pausma, proving that he did not lie about the abuse he witnessed.

To survive summary judgment, Stanton had the burden of showing that he could prove by a preponderance of the evidence that his allegations of Pausma's abusive treatment of prisoners motivated the prison officials' retaliatory action. *Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004). He need not show but-for causation; he need show only that his speech was a "motivating factor" in the retaliation. *Id.*

Here the district court properly found that Stanton failed to present sufficient evidence to show that any prison official disciplined him with a retaliatory motive. Stanton points to Norton's statement relating what other prisoners had told him about Pausma's abuse of Burkheimer, but this statement was inadmissible because it was hearsay. *Smith v. Dunn*, 368 F.3d 705, 709 (7th Cir. 2004). And Bentle's statement was irrelevant because it was not submitted to prison officials until August 2003, *after* Stanton's second disciplinary hearing. This late submission was never considered by prison officials, and thus could not have been withheld from Stanton out of retaliation. Stanton next points to Burkheimer's statements and his own complaint as evidence that they both told the truth about Pausma's abuse, and that the defendants must have punished him out of retaliation. Yet a prison investigation and two disciplinary hearings uncovered no evidence to support Stanton's accusations against Pausma and both men were punished for lying. Burkheimer's and Stanton's assertions do not identify specific facts showing evidence of retaliatory intent and alone are insufficient to defeat summary judgment. *See Roger Whitmore's Auto Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 669 (7th Cir. 2005); *Filippo v. N. Ind. Pub. Serv. Corp., Inc.*, 141 F.3d 744, 750 (7th Cir. 1998).

AFFIRMED